IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXANDER WILD, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-CV-443-RP |
| ADVANCED TERMITE CONTROL, INC., | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Alexander Wild's ("Wild") motion for default judgment. (Dkt. 19). Because the Court finds it lacks personal jurisdiction over Defendant Advanced Termite Control, Inc. ("ATC"), the Court will deny Wild's motion.

## I. BACKGROUND

Wild is a professional photographer who holds a Ph.D. in entomology, which he uses in connection with his photography. (Compl., Dkt. 1, ¶ 13). At issue in this case is a photograph of an ant (the "Subject Photograph"). Wild alleges that he owns copyrights to the Subject Photograph, and that ATC, a pest control company, used the Subject Photograph without his permission on its website in order to sell a "DIY Ant Control Kit." (*Id.* ¶¶ 15, 17–19). Wild further alleges that he "notified the Defendant of the infringement," but ATC "was not interested or willing to resolve the matter amicably." (*Id.* ¶ 23). Wild filed the instant action on May 11, 2017. (*See id.*)

ATC was served with a copy of the complaint on July 31, 2017. (Dkt. 7). ATC's deadline to answer was August 21. (*Id.*). ATC did not file an answer. On September 19, Wild moved for entry of default against ATC. (Dkt. 8). The clerk entered ATC's default on September 20. (Dkt. 9). Eight days later, ATC appeared by filing an answer to Wild's complaint. (Dkt. 10). Wild then moved to strike ATC's answer because ATC, a corporation, filed it *pro se*. (Dkt. 11, at 2); *see Rowland v. Cal.*

1

*Men's Colony*, 506 U.S. 194, 201–02 (1993). The Court granted the motion on December 5, 2017, and struck ATC's answer. (Dkt. 12). ATC was given until January 5, 2018, to obtain counsel and respond to Wild's complaint. (*Id.* at 2). ATC did not do so. Wild then moved for a default judgment against ATC on May 3, 2018. (Dkt. 19). That motion is now before the Court.

## II. LEGAL STANDARD AND DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Wild's motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether Wild's complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, Wild should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework). Because the Court concludes that it lacks personal jurisdiction over ATC, the Court finds that Wild's complaint does not establish that he is entitled to the relief he seeks. The Court will therefore not address the remaining default judgment factors.

### A. Personal Jurisdiction

The requirement that a court have personal jurisdiction over a defendant "[is] a matter of constitutional due process" designed to "protect[ ] an individual's liberty interest in not being subject

2

to the binding judgment of a forum with which he has established no meaningful contacts, ties, or relations." *First Inv. Corp. v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742, 749 (5th Cir. 2012) (citation and quotation marks omitted). It is the plaintiff's burden to make a *prima facie* showing that personal jurisdiction is proper. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). To make this showing, "the plaintiff must show that the nonresident defendant purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state." *Id.* (citation omitted) (cleaned up).

Wild alleges that ATC has "purposefully availed itself to the rights and privileges of doing business in Texas by advertising its product available for shipment to Texas on the Internet." (Compl., Dkt. 1, ¶ 5). Wild also alleges that ATC, by virtue of its default, has conceded that it has "purposefully availed itself of this forum by unlawfully utilizing the photograph at issue to advertise products available for shipment in Texas." (Supp. Resp., Dkt. 21, at 2). Wild is only half-correct. By its default, ATC has conceded Wild's well-pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). ATC has *not* admitted, however, Wild's conclusions of law. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 496 (5th Cir. 2015);[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the court is not "bound to accept as true a legal conclusion couched as a factual allegation") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, the Court finds that by virtue of its default, ATC is deemed to have admitted that it has used the Subject Photograph to "advertis[e] its product available for shipment to Texas on the Internet." (Compl., Dkt. 1, ¶ 5). Whether this Internet advertisement constitutes "purposeful availment" of Texas, however, is a legal question not resolved by ATC's default. Wild must still sufficiently allege that ATC satisfies minimum contacts with Texas in order to meet his *prima facie* burden of establishing personal jurisdiction. The Court turns to that question now.

---

[1] In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine pleading sufficiency under Rule 8. *Wooten*, 788 F.3d at 498.

1. Internet-based contacts

The Fifth Circuit has adopted the *Zippo* "sliding scale" test to determine whether website-based contacts establish personal jurisdiction. *Mink v. AAA Development LLC*, 190 F.3d 333, 336–37 (5th Cir. 1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)); *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (applying *Zippo* to the specific jurisdiction inquiry). "The sliding scale attempts to classify websites along a spectrum of interactivity. One end of the spectrum involves fully interactive websites which allow users to conduct business with the website owner. . . . The other end of the spectrum involves passive websites which simply convey information to users." *Interactive Life Forms, LLC v. Weng*, 2013 U.S. Dist. LEXIS 193772 at *8 (W.D. Tex. Apr. 8, 2013) (cleaned up) (citing *Zippo*, 952 F. Supp. at 1124). Generally, the exercise of personal jurisdiction is proper in situations involving "fully interactive" websites, but not "passive" ones. *Zippo*, 952 F. Supp. at 1124.

However, even if a defendant uses an interactive website, the exercise of personal jurisdiction is improper if the website has no ties to the forum state. *Revell*, 317 F.3d at 473. In the Fifth Circuit, "the mere possibility that forum residents have visited a website—even an extremely interactive one—does not alone constitute minimum contacts between the website's owner and the forum." *Shippitsa Ltd. v. Slack*, No. 3:18-CV-1036-D, 2019 U.S. Dist. LEXIS 9602, at *15–16 (N.D. Tex. Jan. 22, 2019) (collecting cases). A plaintiff "must offer evidence or non-conclusory allegations that Texas residents have *actually* interacted with the website" in order to establish the requisite minimum contacts for personal jurisdiction. *Id.* at *15 (emphasis added).

Wild has not done so. He alleges that ATC used the Subject Photograph to advertise its ant removal kit on the Internet, and that the kit may be shipped to Texas. (Compl., Dkt. 1, ¶ 5; Supp. Brief, Dkt. 21, at 2). Wild pleads no facts that ATC has accepted any Texas customers, sold any products to Texas residents, interacted with anyone in Texas, or directed its advertising specifically

4

towards Texas. *See Interactive Life Forms*, 2013 U.S. Dist. LEXIS 193772, at *15 ("Defendants appear to have not accepted customers from Texas, and not shipped any products to Texas.") (emphases removed); *Monkey Boy Graphix, Inc. v. Anton Sport, Inc.*, 2008 U.S. Dist. LEXIS 129647, at *18 (N.D. Tex. Aug. 20, 2008) ("There is no evidence of any sales of the allegedly infringing images to Texas residents, nor is there any evidence that the Corporate Defendants have been interacting with anyone in Texas through [their] website."); *Applied Food Scis., Inc. v. New Star 21, Inc.*, 2009 U.S. Dist. LEXIS 132722, at *13 (W.D. Tex. Jan. 23, 2009) ("[W]here those corporations are not alleged to have conducted electronic commerce with anyone in Texas, not alleged to have directed any of their advertising or Internet activities specifically towards Texas, and not alleged to have sold any infringing products to individuals in Texas, the maintenance of personal jurisdiction over Defendants would be unreasonable.").

Because Wild has failed to plead sufficient facts supporting the exercise of personal jurisdiction over ATC, he has likewise failed to set forth facts sufficient to establish that he is entitled to the "drastic remedy" of a default judgment against ATC. *Sun Bank*, 874 F.2d at 276. The Court will therefore deny Wild's motion.

### B. Transfer

Wild argues in the alternative that if the Court finds it lacks personal jurisdiction over ATC, this case should be transferred to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1404(a). (Supp. Brief, Dkt. 21, at 3). The proper vehicle for such a transfer is 28 U.S.C. § 1406(a), not 28 U.S.C. § 1404(a). *See Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967) (Section 1404 "operates where there are two (or more) forums where a suit could be brought and where it could proceed," whereas Section 1406 "operates where there exists an obstacle—either incorrect venue, *absence of personal jurisdiction*, or both—to a prompt adjudication on the merits in the forum where originally brought.") (emphasis added). Under § 1406, the Court may

5

transfer a case "to any district or division in which it could have been brought" if such transfer be "in the interest of justice." 28 U.S.C. § 1406(a). Wild requests that this case be transferred to the Middle District of Pennsylvania because that is where ATC has its principle place of business. (Supp. Brief, Dkt. 21, at 3). The Court agrees that transfer to the Middle District of Pennsylvania is in the interest of justice.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that it lacks personal jurisdiction over Defendant ATC. Accordingly, the Court **ORDERS** that Wild's motion for default judgment, (Dkt. 19), is **DENIED**. The Court **FURTHER ORDERS** this action **TRANSFERRED** to the Middle District of Pennsylvania, Harrisburg Division, pursuant to 28 U.S.C. § 1406(a).

**SIGNED** on February 14, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE